Good morning. Illinois Appellate Court First District Court is now in session. The Fourth Division, the Honorable Justice Robert E. Gordon presiding. Case number 1-9-0263, People versus Zeno Jackson. Good morning to all. Would the lawyers who are going to argue the case please introduce yourself to the court? Good morning. I'm Stephanie Fuente from the Office of the State Appellate Defender on behalf of Mr. Zeno Jackson. I see we can't hear you, Ms. Billings. No audio. Darren, anything you could do about that? Do you have your, Mrs. Billings, do you have your audio on? I don't know. For some reason, we cannot hear you. And everything is connected on my side. So I don't know. Darren, you don't have her audio off, do you? But I need you to take a look. Try it now. Ms. Billings? All right, we can see you. Can you sign off and then sign back on? And be certain, Ms. Billings, to join with audio. So when you click Join, be certain that you click the button that says Join with Audio. No audio. Where it comes to words, Darren, have her do it by telephone. OK. OK. No audio. She has to go off and on, Darren. She doesn't know that. Ms. Billings, sign off and then sign back on. All right. All right, give me a minute, Justice Gordon. All right. All right. Ms. Billings? Ms. Billings? We still can't hear you for some reason. Do you have a set of headphones, Ms. Billings, that you could try those? I do. There you go. It's on now. OK. All right, good. All right, do you need any time for rebuttal? Do you want to reserve some time for rebuttal? I would like to reserve five minutes, Your Honor. All right, good. OK, well, let's proceed. May it please the court, counsel, the issue before the court is the scope of post-conviction counsel's limited duties under Rule 651C. In his pro se petition, Zeno Jackson alleged that trial counsel was ineffective for failing to use his baggy t-shirt and pants to impeach Officer Chanovich's testimony regarding his ability to see a bulge in his pants before the Terry stopped. Post-conviction counsel rendered unreasonable assistance where she adopted Jackson's pro se claim but failed to specify the whereabouts of the clothing or whether trial counsel had access to the clothing but just decided not to use it. Instead, counsel focused on advancing a claim that this court had already decided on direct appeal and therefore was barred by res judicata. Excuse me, counsel, do we know if the clothing was ever even inventoried or if it ever even existed? Well, what we do know is that the t-shirt wasn't inventory at least at the police station based on Officer Chanovich's testimony but that doesn't rebut Jackson's claim where the main focus of the impeachment is the critical piece of impeachment are the baggy pants.  So even if the police station didn't inventory it's possible that Cook County Jail would have inventoried the pants. Also- Do we know if the pants were ever inventoried at the jail or at any time point during this litigation? Based on Officer Chanovich's testimony, no. And because of post-conviction counsel failure to adequately investigate, we don't know which is why we're asking this court to find that under Rule 651C and also under People v. Turner this was unreasonable assistance because although Jackson's affidavit was sufficient for first stage purposes to say, hey, I talked to trial counsel, I told her I was wearing these pants, she knew I was wearing them at the time that I was arrested and I was wearing them when I went to County Jail. That's not sufficient for second stage purposes. Per Turner, so maybe for Jackson's claim to make a substantial showing we needed the evidentiary support. In Turner it was an affidavit from witnesses, here it's either the pants or an inventory sheet and that wasn't provided. Instead counsel just rearticulated Jackson's claim and relied on his affidavit that wasn't sufficient for second stage purposes. Let me ask you this question in regard to those baggy pants, how's that gonna change anything here? Well, it changes it because it would, if the baggy pants existed, they would provide critical impeachment evidence for Officer Chanovich. Part of Mr. Jackson's defense was, I was stopped based on a bad Terry stop. I mean, Terry stop was bad because it's based on just a description of clothing, a generic description of clothing. The clothing, it showed the baggy pants were in fact baggy and that a bulge would have been visible in the front pockets. They could have been used either at the motion to suppress, which is the main issue in this case, to impeach Officer Chanovich or also they could have been used at trial to impeach the testimony to support Jackson's defense. Well, how do we know that the baggy pants is not gonna show a bulge? It's possible that it doesn't, right? We're not saying that- Well, anything is possible, but we're dealing more with reasonable probabilities here. I mean, how do we know if a guy wears a pair of baggy pants and he has a revolver in his pocket, it's still gonna bulge out, isn't it? Correct, but in this case, Officer Chanovich and his partner testified that the gun was small and that it wasn't protruding out of the pocket. Like with baggy pants, if the gun was big enough, you could see it if it was protruding, it wasn't. And Officer Chanovich specifically said, I could see it in his tight-fitting pants. Based on the description of the size and that it was a smaller gun, it's possible if it wasn't protruding out of the pocket, and that's Officer Chanovich's testimony, they wouldn't also be visible in baggy, the pockets of the baggy pants. Do we have any photographs, excuse me, do we have any photographs with regards to his clothing on the night he was arrested or when he went over to jail? Did it be processed that might show the pants? So we can get an idea what his pants look like? No, there is in the trial exhibits that have been supplemented to the record, there's a picture just showing a red T-shirt that doesn't show the pants. So you're correct, Your Honor, there's no picture showing how the pants would look. And again, the state at one point says that it's Mr. Jackson's burden to be able to tell PC Council about the whereabouts of the clothing or whether they were inventoried or not. But that would create a higher standard than what the PC Act requires. The PC Act recognizes that most petitions are gonna be filed by pro se litigants who are incarcerated. So due to their status, they can't subpoena evidence or they can't try to do a FOIA request. Here he identified, he did enough, right? He allowed sufficient details. He identified two pieces of clothing and council should have tried to investigate. And if she found that nothing supported his claim, she should have withdrawn the claim. Like she did with the other two, I believe it was the other two pro se claims that were rebutted by the record. But here we can't have any confidence that she did comply with her duties where she adopted the claim and didn't do anything to support it. Again, and also we can't have confidence, this court cannot have confidence that she complied with her limited duties because in the motion to dismiss, the state laid out a roadmap of why this claim was insufficient. She said the state argued below that it was improperly supportive, that it was speculative and the PC council didn't do anything to respond to that. Instead in her response, she like doubled down on her argument saying that it was sufficient, that she provided an affidavit and that it couldn't be speculative because who would have known best about the clothing than the Mr. Jackson. But again, that's not sufficient for second stage rule 651C purposes or post-conviction law. Now the real harm in this case, although under Suarez and Turner, Mr. Jackson's not supposed to, the harmless error analysis doesn't apply, we still have to show that the real harm here and I think that's what has been shown is that the circuit court could not properly consider Jackson's claim based on post-conviction council's failure to properly support and shape the claim. And in fact, dismissed the claim because it found that it wasn't supported. Your honors, if you have no further questions, I will reserve the remaining of my arguments for rebuttal. Any questions by any members of the panel? All right, let's hear from the state. Yes, may it please the court, my name is Leslie Billings on behalf of the people of the state of Illinois. Here, post-conviction counsel did provide reasonable assistance of counsel, which is presumed upon the filing of a 651C certification. The filing requires that counsel consult with defendant regarding his constitutional claims that she examined the record of the trial court proceedings then she makes any amendments necessary to the petition for an adequate presentation of his claims. Defendant then bears the burden of overcoming this presumption of reasonable assistance. Here, counsel filed a 651C certification and with that, she certified that she consulted with the defendant both by phone, by mail, that she examined the record of the trial court proceedings. The appellate briefs, the court file and the rule 23 orders. She also spoke with defendant's attorneys and certified that she made any amendments necessary to the petition for an adequate representation of his claims. She developed defendant's claim that trial counsel was ineffective for failing to introduce into the record the baggy clothing that defendant was wearing on the night he was arrested by stating that that evidence was material and that defendant was prejudiced by counsel's ineffective assistance, thereby presenting his claim in the proper legal form. Here then the burden shifts to the defendant to show that counsel did not provide reasonable assistance. And counsel defendant in this case attempts to do that by stating that post-conviction counsel did not set forth defendant's claims in adequate detail because counsel failed to state whether the trial court, I'm sorry, whether trial counsel had access to defendant's clothing at the time of trial, if it was inventoried or if there existed a photo of the defendant wearing the clothes on the night of his arrest. Defendant goes further than that also to assert that post-conviction counsel made no attempt to document her efforts to obtain a photo, to obtain the clothing or a jail inventory report. Here under Rule 651C, counsel is not required to open an investigation into what happened with the clothing or in other words, engage in a phishing expedition to support defendant's claims. Counsel is not required to search for the evidence. She is not required to go to sources outside of the record that might support the general claims in post-conviction petition. And she's also not required to comprehensively recount her efforts on behalf of the defendant. Defendant attempts to expand in this case, what is required of post-conviction counsel under Rule 651C. There is nothing in the record to show that post-conviction counsel had any access to defendant's clothing or information as to where it would be located. It is in this case defendant's burden to show that post-conviction counsel had access to such information, but failed to present it. It was defendant's responsibility to provide post-conviction counsel with information regarding the whereabouts of his clothing. And the record does not indicate that he provided any of that information to counsel. So here defendant's allegation that post-conviction counsel failed to provide reasonable assistance while at the same time, failing to provide post-conviction counsel with any information regarding the whereabouts of his clothing amounts to arguing that counsel in this case should have opened up a full-scale investigation into where this clothing went 10 years prior. And that is not what is required under the rule here. Let me ask you this. This defendant was approximately six foot tall, weighed about 200 pounds. Isn't that correct? That is correct. The revolver was a 25 caliber. That's about five inches long. I could assume. Yes. So somebody with baggy clothes with a small gun like this it's possible, I guess, I don't know, maybe even reasonably probable that it wouldn't be that much of a bulge, would it? Without the closing, it's hard to presume what the bulge would look like. I mean, somebody who wears similar clothes and try to use that and say it's the same clothes. I mean, if he bought something that's stock clothes, even if you don't have it, you might be able to get a duplicate that would be very similar to the original. Well, that would require counsel to reproduce evidence. Again, someone who weighs 250 pounds, there's no gauging what that 250 pounds looks like from person to person. You cannot say what someone who is taught at 250 pounds versus someone who is not taught at 250 pounds could have possibly looked like in any particular clothing. Okay. Here, a petition also is not supported by affidavits or other documents. The law provides that it may be reasonably presumed that post-conviction counsel made a concerted effort to obtain them, but was unable to do so. So here, we are looking at information on behalf of the defendant that is completely speculative when it comes to his argument that post-conviction counsel did not provide a reasonable assistance in this case. There's nothing here provided by defendant to indicate that post-conviction counsel did not develop defendant's claim in as much detail as was possible under these circumstances. It's defendant's burden here to show otherwise, but he has really just provided speculation here. And finally, there's nothing in the record to indicate that counsel did not believe that defendant's claims were not meritorious and was not obligated to withdraw under any of these circumstances present in the case. Counsel, I guess, so during the trial itself, there was a considerable amount of direct and cross-examination with regards to the officer, I think it's Tanovic, who observed the weapon when it was in the pocket. And then I believe also that was brought up in closing argument as well, whether or not the officer was able to observe the weapon in the pants, is that correct? Yes, there was some question as to whether or not he saw the bulge when the hands were up or down or upon approach of defendant, I believe. Right, and then this officer also testified that he had military experience and was able to determine that the bulge just by looking at the defendant, that it was a weapon? I believe that it was based off of his experience. Yes, that he was able to make that determination. Any further questions? No. Yes, your honors. Contrary to the state's argument, this is not a fishing expedition. Mr. Jackson clearly identified two articles of clothing that didn't require much efforts for PC council just to verify if they existed. In her response to the state's motion to dismiss, she said county jail is where the clothes were presumably taken. She could have easily made a phone call or sent an email to county jail and figured out if they were there. They're not there. We might not even be here at this point, but we can't have confidence that she can do the bare minimum. The bare minimum was just to try to locate easily identifiable information that went to the heart of Mr. Jackson's defense. And just because she may have done other things to advance other claims, it doesn't really matter because the only claim that really had possibly any argument with merit was the claim regarding the ineffective assistance of council for failing to produce those pants. Because they go to the heart of the defense. And again, here for the limited purposes of what a post pro se petitioner has to do, Mr. Jackson did it. And he needed the assistance of council. And when he needed the assistance of council, council just didn't do anything. She just relied on the arguments that she made. If your honors have no additional questions, we would ask that for the reasons stated today and in our arguments that you reversed the dismissal of Mr. Jackson's petition and remand for further additional second stage proceedings with the appointment of new council. Thank you. I have one question. So the fact that there was a lot of testimony, both on direct and cross with regards to the officer's observation of whether or not there was a weapon in his pants pocket or not, and given the fact that council did argue it on closing argument and saw it went to the jury, then the court didn't limit the examination on this issue at all. What significance are just the pants themselves gonna do since the jury did have ample verbal testimony with regards to the pants that the pants there were. I think they even impeached the officer at one point in time because he said they were fine fitting pants, but then they said, no, that they were baggy pants. So what are the fact of the pants themselves gonna do in this case, since jury heard a lot of testimony with regards to the officer's observations? The pants would represent a critical piece of impeachment. They heard a description of the clothing, but to actually see clothing as Justice Borden brought up during argument, if these pants are super baggy and it's a small caliber weapon, for the jury to actually see that, that would prove up the impeachment that was made of officer Tanovich. It would be more than just hearing the testimony because sometimes testimony can't paint as well the picture as the actual physical evidence that here could have. Yeah, thank you. You're welcome. Any further questions? Okay, well, thank you guys very much. You gave us a very interesting case and you shortly we'll give you a rule or I mean, we'll give you an order or an opinion and you guys did a good job on the big issue in this case and you should be proud of yourself for that. Okay, the court will be adjourned and I ask the panel to remain for a few moments.